**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIEL A. KANDI, | No.   17-56909 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-00436-GW |
| v. | |
| STEVE LANGFORD, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Federal prisoner Emiel Kandi appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas corpus petition.  We have

jurisdiction under 28 U.S.C. § 1291.  We review the denial of a section 2241

petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Kandi contends that, because the conditions of his pretrial release were unconstitutional, he is entitled to credit towards his sentence for the time that he was released on bail prior to the entry of his guilty plea. *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006), upon which Kandi relies, does not authorize the relief he seeks. Moreover, by entering an unconditional guilty plea, Kandi waived his right to challenge the constitutionality of the conditions of his pretrial release and whether his election of bail was involuntary in violation of due process. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Kandi also contends that he is entitled to sentencing credit for the time that he was released on bail after his sentence was imposed but before he self-surrendered to prison. Contrary to Kandi's contention, *Reno v. Koray*, 515 U.S. 50, 62-65 (1995), explicitly considered the post-sentencing context and held that a defendant released on bail after imposition of sentence is not in "official detention" within the meaning of 18 U.S.C. § 3585(b) and, therefore, is not entitled to a credit against his sentence of imprisonment for that time.

Because Kandi did not receive leave of court to seek discovery, his claim that he is entitled to relief on the basis that the government failed to respond to his discovery requests is without merit. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Finally, we decline to address any arguments not raised in the habeas

17-56909

petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

Kandi's motion for judicial notice is denied as unnecessary because the documents subject to his motion are already part of the record.

**AFFIRMED.**